IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL B. WHEELER | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv306 |
| MARK MARTIN | § | |

## MEMORANDUM OPINION

Petitioner Michael B. Wheeler, an inmate confined in the Federal Correctional Institute at Beaumont, Texas, through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Factual Background

Petitioner states that in 2008 he was convicted of conspiring to defraud the government in the United States District Court for the District of New Jersey. He was sentenced to 42 months imprisonment. He states his direct appeal remains pending before the United States Court of Appeals for the Third Circuit.

## Analysis

Petitioner is not challenging the method in which his sentence is being executed. Instead, petitioner is attacking his conviction and his sentence as it was imposed by the trial court. While a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911

F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence."). There is one exception to this general rule. A prisoner may utilize Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1]

As petitioner acknowledges, he has not filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. As he therefore remains free to file a motion to vacate if his direct appeal is not resolved in his favor, the remedy provided by Section 2255 is not inadequate or ineffective to test the legality of his detention.

Even if petitioner had previously filed a motion to vacate, set aside or correct sentence, his grounds for review would not be cognizable in a petition filed pursuant to 28 U.S.C. § 2241. The United States Court of Appeals for the Fifth Circuit has recognized one circumstance in which Section 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which: (a) demonstrates the petitioner is "actually innocent"

---

[1] The fifth paragraph of Section 2255 provides as follows: (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2

because it is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner's grounds for review are not based upon a retroactively applicable decision by the Supreme Court and do not demonstrate he was convicted of a nonexistent offense. As a result, his grounds for review would not provide him with a basis for relief under Section 2241 even if he had previously filed a motion to vacate, set aside or correct sentence.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be denied. A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this the **28** day of **June, 2011.**

_____
Thad Heartfield
United States District Judge